## Kepler et al. v. Union Joint Stock Land Bank of Detroit

*P. H. Johnston*, for plaintiffs.
*James C. Furst*, for defendant.

FLEMING, P. J., July 9, 1936.—This matter is before us upon a case stated to determine the validity of the title taken by defendant at a sheriff's sale. The facts are as follows: Aaron Charles Kepler and Millie Matilda Kepler, his wife, by mortgage dated May 1, 1927, and recorded in Centre County on May 27, 1927, in Mortgage Book vol. 53, page 408, conveyed all those certain 11 tracts of land, totaling about 437 acres, situate in Ferguson Township, Centre County, Pa., to secure payment of a promissory note in the sum of $12,000 to The Ohio-Penn-

sylvania Joint Stock Land Bank of Cleveland, as is more fully described and under terms and conditions set forth in said mortgage. By an assignment dated June 30, 1931, and recorded on September 4, 1931, in Miscellaneous Book vol. Z, page 593, the mortgagee above named assigned said mortgage to the defendant herein.

Aaron Charles Kepler, one of the mortgagors, died intestate on May 16, 1929, survived by his widow, Millie Matilda Kepler, and three children, namely, Millicent Madaline Kepler, Aaron Charles Kepler, and Stella Ann Kepler, all minors. Prior to August 12, 1935, Aaron Charles Kepler, minor child of Aaron Charles Kepler, deceased, died, intestate, unmarried and without issue.

On August 12, 1935, the defendant, as assignee of the original mortgagee, caused a sci. fa. sur mortgage to be issued on the above-mentioned mortgage, and named, as defendants therein, Millie Matilda Kepler, widow, and Millicent Madaline Kepler and Stella Ann Kepler, minors, by their guardian, The First National Bank of State College. The sci. fa. was returnable to the second Monday of September, 1935, viz., September 9, 1935, and was served upon Millie Matilda Kepler and upon The First National Bank of State College, by the sheriff, on August 15, 1935.

On October 8, 1935, judgment was entered in favor of the defendant in this case stated, the plaintiff in the sci. fa. proceeding, and against Millie Matilda Kepler, widow, and Milicent Madaline Kepler and Stella Ann Kepler, minors, by their guardian, The First National Bank of State College, Pa., for want of an appearance and answer. A lev. fa. was issued on the same day and on November 1, 1935, the mortgaged premises were sold to the defendant herein. The sheriff made his return of such sale in open court on November 18, 1935, and the same was confirmed nisi. Confirmation absolute was had four days later, no exceptions having been filed.

Millie Matilda Kepler, widow as aforesaid and mother of Millicent Madaline Kepler and Stella Ann Kepler, now

living with their mother and being supported and maintained by her, desires to purchase the premises from the defendant herein and has made application to The Federal Land Bank of Baltimore for a loan sufficient to enable her to accomplish this purpose, which loan has been approved, subject to a determination of the validity of defendant's title.

The principal doubt which makes this proceeding necessary is whether the default judgment against the two minor daughters was valid. This doubt arises, perhaps, from the practice uniformly heretofore followed in this court not to take judgments by default against minors but to obtain the verdict of a jury upon which to rest such judgment. Such practice is not to be criticized, as it removes all forms of suspicion as to injustice to the minor. But it is not necessary under existing law. There is nothing in the statute law or in the decisions which prevent such judgment by default. Default judgments, to be valid, however, must be based upon proper jurisdiction obtained. In determining this the matter of proper service becomes most relevant and material.

Cases which have been cited are those dealing with executors and administrators, and we are of the opinion that they do not apply here. The sci. fa. sur mortgage was directed to Millie Matilda Kepler, widow, and her two minor daughters, as the vested owners of the land described by operation of the intestate laws, a suggestion of the death of Aaron Charles Kepler intestate being contained in the affidavit of real ownership attached to the præcipe for the writ. That proper service was had upon Millie Matilda Kepler, widow, is evident. The sheriff's return, however, is as follows, as to the others:

"And now, August 15, 1935, served the within writ upon the First National Bank of State College by handing a true and attested copy to D. F. Kapp, Cashier, and making known to him the contents thereof."

It is clear, therefore, that only by implication can it be said that service was made upon the guardian of the two

minor daughters. We are willing here to concede that a delivery of a true and attested copy of the scire facias to the bank was sufficient to inform it of the nature of the proceedings and to presume that the bank's knowledge of its fiduciary relationship to the Kepler minors was such as to cause the omission of the word "guardian" after the words "First National Bank of State College" to be a mere clerical and harmless omission. But what of the failure to serve the minors themselves?

If this was a real action the question is answered by section 83 of the Act of June 13, 1836, P. L. 568, wherein it was provided that: "If any such defendant have a guardian of his estate, service thereof shall be made upon such guardian, in the manner directed by law." It is further provided, in the same section of the same act, that: "If any such defendant be above the age of fourteen years, service thereof shall also be made upon him, in the same manner as is directed by law in the case of adults." The record in the instant case is silent as to the ages of the minors at the time of service and if this was a real action, and either or both of the Kepler minors were over fourteen at the time of service, we would be constrained to hold defendants' title invalid for there is no return of service as to either or both of the minors. But this was not a real action. In Kennedy v. Baker et al., 33 W. N. C. 498, it was held that the action of sci. fa. sur mortgage is a personal action so far as service of the writ is concerned and that the Act of June 13, 1836, P. L. 568, sec. 83, does not apply. Furthermore, we are of opinion that this case generally rules the matter before us. While the facts specifically are different the general question is ruled. The facts were:

On October 15, 1878, when plaintiff was eight years of age, the land in question was conveyed to her and at the same time she gave a mortgage to the grantor in the deed for the balance of the purchase money. The mortgage was assigned. Default occurring when she was about ten years of age, a sci. fa. was issued and the sheriff

returned proper personal service upon her. Judgment was entered against her in default of an appearance and affidavit of defense, and a lev. fa. issued. At this juncture of the proceedings her father, as her next friend, petitioned the court for a rule to open the judgment and to permit the minor by a guardian, to be appointed for her, to enter into a defense. The rule was refused. The property was sold at sheriff's sale and the purchaser went into possession. The minor gave public notice of her claim at the sale. When she became of age she brought ejectment against those then in possession and claiming under the purchaser at the sheriff's sale. The facts were obtained on a special verdict, and the court below entered judgment for the defendants. This was affirmed on appeal.

The instant case is much stronger than the case cited. There the land was taken and given to others; here it is sought to be purchased by the mother of the minors to provide a home for them and to obtain sustenance to maintain them. In the case cited there was no legal guardian to protect the interests of the minors; here there is such guardian and such guardian has had notice of the foreclosure by which defendant's title was obtained. Furthermore, their mother, as their natural guardian, is fully informed, and there appears to be no conflict of interest anywhere existing. Under the authority of Kennedy v. Baker et al., supra, these minors could not collaterally attack the judgment entered upon the scire facias. It is therein said (p. 500) :

"The action of the Court below rested upon the conclusiveness of the judgment upon the scire facias. The mortgage in question was for purchase-money, and the return of the service does not show service upon a minor, but to all intents upon an adult. The principle that the integrity of a judgment of a Court having jurisdiction except for fraud, cannot be question collaterally, is so indurated in our judicial policy that citation of authority to support it would seem vain and useless iteration."

Further it is said:

"In Hartman v. Ogborn, 54 Pa. 120, in which a married woman executed a mortgage that by reason of coverture was void, and proceedings upon it having resulted in a judgment and sale, in affirming the Court below for entering judgment for defendant, the purchaser at the sheriff's sale, Mr. Chief Justice Woodward said: 'Not only is it a general doctrine of law that the judgments of Courts having jurisdiction of the matter cannot be inquired into in a collateral proceeding, except for fraud in the manner of obtaining the judgment, but several points have been ruled that are especially applicable to judgments upon scire faciases sur mortgage. For example, in Nace v. Hollenback, 1 S. & R. 340, the assignee of a mortgage having obtained judgment against the mortgagor and terre-tenant in a suit of scire facias, and after became the purchaser of the premises at the sheriff's sale, brought ejectment against the terre-tenant, who offered on the trial to prove that the mortgage had been satisfied before the judgment, but his evidence was held to be inadmissable. In Blythe v. Richards, 10 S. & R. 261, which was ejectment by a mortgagee, who had purchased at the sheriff's sale, the defendant was not permitted to show that the scire facias had not been served, nor that the mortgage money for which judgment had been recovered by default had been paid."

The court continued:

" 'In Culley v. Latimer, 5 S. & R. 211, we have the point directly ruled that the validity of a judgment founded upon two nihils to successive scire faciases sur mortgage cannot be impeached in a subsequent ejectment. The offer there was to show that the mortgagor was in possession of the premises when the scire faciases issued and therefore was entitled to personal service. But said this Court, if the judgment of the Court of Common Pleas was erroneous, it should have been reversed on a writ of error, but remaining in full force this Court cannot now inquire into any errors which are alleged to exist.'

"The return of the service of the writ in the present case was regular upon its face, and until set aside being deemed conclusive, cannot be contradicted in a collateral proceeding."

We are of the opinion that judgment should be entered for defendant. And now, July 9, 1936, judgment is entered for defendant.

From Musser W. Gettig, Bellefonte.